IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL TITUS,
also known as "Iamsui" or "sui,"                                                                         PLAINTIFF

v.                Civil No. 6:24-CV-06039-SOH-BAB

WORLD BOOK; GIVENCHY STORE AND DISTRIBUTORS;
PARIS HILTON; BACK TO THE FUTURE; SHAWN MICHAELS;
GUCCI STORE FRANCHISE AND DISTRIBUTORS; TAYLOR SWIFT;
CLIFFORD HARRIS; NIKE AIR TAG; BRET HEART; CARDI B; and
LIV MORGAN,                                                                                                DEFENDANTS.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Michael Titus, a prisoner at the Omega Center, Arkansas Division of Correction ("ADC"), has initiated the above-captioned civil action. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation.

Upon preliminary review of Plaintiff's original complaint pursuant to 28 U.S.C. § 1915A(a) of the Prison Litigation Reform Act ("PLRA"), this Court ordered Plaintiff to submit an amended complaint by April 15, 2024, failing which this matter would be subject to dismissal for failure to prosecute. (ECF No. 2). This Court also ordered Plaintiff to submit a complete *in forma pauperis* ("IFP") application or to pay the full filing fee of $405.00 by that same date. *Id.* When that deadline passed with no response from Plaintiff, this Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to prosecute. (ECF No. 4). Plaintiff's response to the show cause order was due May 10, 2024. *Id.* On April 19, 2024, Plaintiff submitted a complete IFP application, (ECF No. 5), and on April 30, 2024, Plaintiff filed

1

an Amended Complaint, (ECF No. 6). This Court subsequently granted Plaintiff's application to proceed IFP. (ECF No. 7).

Plaintiff's Amended Complaint is therefore now before the Court for preservice review consistent with the PLRA. Pursuant to 28 U.S.C. § 1915A of the PLRA, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, this Court recommends that this matter be dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

## BACKGROUND

Plaintiff's Amended Complaint is difficult to decipher: the Amended Complaint is 10-pages long, identifies 12 defendants, all save one (Defendant Liv Morgan), are patently private actors. (ECF No. 6). As the Court understands it, Plaintiff asserts two claims, but the substance of those claims is far from clear. First, Plaintiff says that in the summer of 2023, the "Gucci Store Franchise and Distribution" "got the ok to distribute [his] product and Dividens are still not in [his] hands yet." (ECF No. 6, p. 4). He asserts a violation of the Second Amendment.

Plaintiff's second claim is equally unclear—he says that the "Neverland establishment" gave him a Givenchy jacket that "belonged to [his] children." (ECF No. 6, p. 7). But he also says that he was "kicked out" of the premises. *Id.* He says he was granted a "sweepstake with an unlimited stay at the resort in the summer." *Id.* Plaintiff says that he is "suing Neverland for not inviting [him] back and pressing hate crime charges on Neverland." *Id.*

## LEGAL STANDARD

Under PLRA, the Court is obligated to review the case prior to service of process being

issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## DISCUSSION

There are several problems with Plaintiff's Amended Complaint—principal among them is that Plaintiff has failed to state a plausible claim for relief in any of the claims described.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, to state a claim for relief, a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v.*

3

*Sanders*, 199 F.3d 968, 973 (8th Cir. 1999)). "Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed." *Gurman v. Metro Hous. & Redev. Auth.*, 842 F.Supp.2d 1151, 1152 (D. Minn. 2011).

Here, Plaintiff's Amended Complaint plainly fails to comply with Rule 8—Plaintiff has failed to clearly describe the facts of his claims and he has failed to assert a cognizable cause of action.

Notably, although Plaintiff identifies 12 defendants in the case caption, his "statement of the facts" section implicates only two of those defendants: Givenchy Store and Distributors ("Givenchy") and Gucci Store Franchise and Distributors ("Gucci"). Plaintiff's facts section, moreover, implicates a new defendant not specifically identified as such in the case caption: Neverland. This means that Plaintiff has failed to assert any facts specifically alleging any cause of action against 10 defendants: World Book, Paris Hilton, Back to the Future, Shawn Michaels, Taylor Swift, Clifford Harris, Nike Air Tag, Bret Heart, Cardi B, and Liv Morgan. These defendants, therefore, should be dismissed from this action on this basis, alone.

Turning to the claims themselves, with respect to Plaintiff's first claim, he asserts a violation of the Second Amendment. (ECF No. 6, p. 4). As a threshold matter, it is unclear to the Court how the Second Amendment—which establishes the "right of the people to keep and bear Arms," U.S. Const. amend II—has anything to do with the purported failure of Gucci to distribute his product. As there is no direct cause of action under the United States Constitution, this Court construes Plaintiff Amended Complaint to allege a cause of action under 42 U.S.C. § 1983. *See Quality Refrigerated Services, Inc. v. City of Spencer*, 908 F.Supp. 1471, 1487 n.9 (N.D. Iowa 1995) ("There is simply no direct cause of action arising out of the

Constitution itself against municipal officials for alleged constitutional violations.").

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under *color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* (internal citation omitted). Here, Plaintiff has failed to allege any facts to suggest that *any* defendant was operating as *state* actors at the time of the events giving rise to his claims. Thus, to the extent that Plaintiff asserts a claim under Section 1983, such a claim fails as a matter of law.

This leaves Plaintiff's second claim—in that claim, Plaintiff says he is "suing Neverland for not inviting [him] back and pressing hate crime charges on Neverland." Plaintiff, however, has failed to assert any facts from which this Court could discern a valid cause of action over which this Court has jurisdiction. Setting aside the problem that Neverland is not expressly identified as a defendant to this action, to the extent that Plaintiff is requesting that the Court initiate criminal proceedings, Plaintiff misapprehends the role of the federal courts. Article III of the United States Constitution only allows federal courts to consider actual, ongoing cases or controversies. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). ("The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy."). This Court has no authority to exceed its limited powers by, for example, conducting its own investigations and initiating criminal proceedings on its own.

Finally, to the extent that Plaintiff asserts some other cause of action, this Court will not comb through Plaintiff's filings searching for relevant facts to cobble one together for him. *See Bediako v. Stein Mart, Inc.*, 345 F.3d 835, 840 (8th Cir. 2004) (federal courts are not required to "divine the litigant's intent and create claims that are not clearly raised"). Rather, having closely reviewed the Amended Complaint, this Court finds that the Amended Complaint—even when liberally construed—fails to articulate any facts or law from which this Court could discern a valid cause of action.

One final matter requires some discussion: This Court previously directed Plaintiff to submit an amended complaint after noting legal and factual deficiencies with the original complaint. (ECF No. 2). The Amended Complaint, however, fares no better than the original. Thus, no further leave to amend is warranted. Instead, this Court recommends that Plaintiff's Amended Complaint, (ECF No. 6), be dismissed without prejudice.

## CONCLUSION

In sum, having reviewed Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that: (1) Plaintiff's Amended Complaint (ECF No. 6) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim; and (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

       **DATED this 8th day of May 2024**.

                                        /s/   Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        UNITED STATES MAGISTRATE JUDGE